IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## CEDRICK KONARD MITCHELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 10943     Stella Hargrove, Judge**

_____

**No. M2004-00861-CCA-R3-PC - Filed June 15, 2005**

_____

GARY R. WADE, P.J., concurring.

I agree with the result reached by the majority. It is my view, however, that the petitioner is not attacking the revocation of his probation, which, as the majority correctly points out, is not permitted. It is my understanding that the petitioner claims that he would not have entered guilty pleas to the two misdemeanor charges if he had known that he was not eligible for boot camp. He also claims that his trial counsel was ineffective for failing to determine in advance of his plea that it was the policy of the Department of Correction to arbitrarily exclude from boot camp those offenders who had originally been charged with aggravated robbery by the use of a deadly weapon.

The record establishes that the petitioner entered into a plea agreement to "settl[e] everything," i.e., the misdemeanor charges and a pending probation violation. He agreed to plead guilty to the misdemeanor offenses in exchange for concurrent sentencing and a recommendation from the trial court that the four-year effective sentence be served in boot camp. Both the petitioner and his trial counsel testified that the petitioner knew that while he was statutorily eligible for the program, the final decision was vested in the Department of Correction. Trial counsel testified that she was unaware of the Department of Correction policy excluding those who had been charged with aggravated robbery even if they were convicted of a lesser offense.

This case is similar to Anthony Randaul v. State, No. W2003-02280-CCA-R3-PC (Tenn. Crim. App., at Jackson, Oct. 20, 2004). Randaul pled guilty to several offenses, including kidnapping, in exchange for a recommendation by the state and the trial court that he serve his sentence in boot camp. Trial counsel told him that he was not statutorily ineligible for boot camp but the ultimate decision would be made by the Department of Correction. When the petitioner got to prison, he discovered that the Department had a policy excluding kidnappers from boot camp. He filed a post-conviction petition alleging that his guilty pleas were not knowing and voluntary and that trial counsel was ineffective. This court ruled that the petitioner was not entitled to relief because trial counsel correctly informed him that he was not statutorily excluded, that the trial court

and state would recommend boot camp, and that the decision was vested in the Department of Correction. The trial court and state made the recommendation.

In my view, the record establishes that the petitioner received the full benefit of the plea bargain. Well aware that officials in the Department of Correction would make the ultimate decision as to his placement in boot camp, he understood that his placement in boot camp was not guaranteed. It is also my view that trial counsel was not ineffective for being unaware that the Department of Correction routinely denied boot camp to those offenders originally charged with an offense involving the use of a deadly weapon. In consequence, the petitioner has failed to establish that his guilty pleas were not knowing and has also failed to establish that he was denied the effective assistance of counsel.

_____
GARY R. WADE, PRESIDING JUDGE